UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **GEORGE DEWAYNE DUNN** | **CIVIL ACTION NO. 20-0027** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **JAY RUSSELL, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Defendants Corporal Yarbrough, Sergeant Renfro, and Corporal Daniel move for summary judgment on Plaintiff George Dewayne Dunn's claims.[1] [doc. # 49]. Plaintiff opposes the motion. [doc. # 53]. For reasons below, the Court should deny the motion.

## Background

Plaintiff, a prisoner at Ouachita Correctional Center ("OCC") proceeding pro se and in forma pauperis, filed this proceeding on approximately January 7, 2020, under 42 U.S.C. § 1983.

He claims that on October 20, 2019, Sergeant Renfro and Corporal Yarbrough forced him to move from his "cell in 6E into cell 10E" even though he told them numerous times that he "had several enemies in that cell" and feared for his life. [doc. #s 1, p. 3; 9, p. 1].

Plaintiff claims: "Corporal Daniel heard me tell Sergeant Renfro several times that I had several enemies in Pod 10E and he did not try to stop him from doing the move; he acted as if my life didn't matter at all."[2] [doc. # 1, p. 3].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

[2] Plaintiff does not specify whether Cell 10E is one small cell, an area containing multiple cells, or an area without individual cells. He uses "Cell 10E" and "Pod 10E" interchangeably.

Plaintiff claims that four inmates plotted to hurt him and to extort him out of his food and manhood. *Id.* at 4. He suggests that Renfro, Yarbrough, and Daniel knew these inmates posed a severe danger because they knew the inmates "committed" "acts" against other inmates. *Id.*

Plaintiff alleges that in Cell 10E he "was faced with credible threats of immediate harm that were not acted upon and acts that amounted to psychological torture from guys that [he] was enemies with . . . ." [doc. # 9, p. 1]. One inmate knocked on his bed, demanded his food, and threatened him. [doc. # 1-2, p. 3]. Other inmates "started walking around the cell and getting themselves all into a frenzy . . . ." *Id.* at 4. Plaintiff asked Yarbrough for help multiple times, but Yarbrough ignored his pleas and eventually "turned the box off" that Plaintiff was using to request help. *Id.*

Plaintiff "finally . . . started kicking on the door" to obtain attention and once "they" answered him, he "checked suicide." *Id.* The undersigned construes this as an allegation that Plaintiff feigned that he was suicidal to escape the cell and transfer to another area designated for potentially suicidal inmates. For instance, in a grievance he submitted to officials at OCC, he stated, "I asked them if I could check suicide because I had to do something for [sic] to save myself from the pain that they was [sic] trying to subject me to." [doc. # 1-2, p. 4].

Plaintiff seeks $300,000.00 in punitive damages from each defendant, as well as an order declaring that by causing him emotional distress, "defendants have acted in violation of the United States Constitution . . . ." [doc. # 1, p. 5].

## Summary Judgment Standard

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would

2

affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*. "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).[3]

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). To rebut a properly supported motion for

---

[3] However, Rule 56 does not require a court to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (quoted source omitted).

summary judgment, the opposing party must show, with "*significant* probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure[4] all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

## Analysis

### I. Compensatory Damages

Defendants argue that under 42 U.S.C. § 1997e(e), Plaintiff is not entitled to monetary damages because he did not sustain any injury. [doc. # 49-1, pp. 3-4]. As the undersigned previously explained, however:

> Plaintiff does not request compensatory relief; rather, he requests punitive damages and declaratory relief. "Despite the limitations imposed by § 1997e(e), . . . a prisoner can, absent a showing of physical injury, pursue punitive or nominal damages based upon a violation of his constitutional rights." *Mayfield*

---

[4] I.e., beyond doubt.

>*v. Texas Dep't Of Criminal Justice*, 529 F.3d 599, 605–06 (5th Cir. 2008). Likewise, a prisoner may seek declaratory relief even in the absence of a physical injury. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Hutchins v. McDaniels*, 512 F.3d 193, 197 (5th Cir. 2007).

[doc. # 11, p. 7]. Thus, Defendants' argument is without merit.

## II. Failure-to-Protect Claims

Defendants first argue: "[T]here is simply no evidence that the Defendants were deliberately indifferent to any substantial risk of harm. Plaintiff denied ever being assaulted in any way or ever needed medical attention at any time." [doc. # 49-1, p. 6].

To the extent Defendants argue that there "is simply no evidence" of deliberate indifference *because* Plaintiff denied that he was assaulted or that he needed medical attention, the argument is without merit. Plaintiff need not plead or establish that he was assaulted, that he was injured, or that he required medical attention; rather, a "plaintiff must show that the official knew of and disregarded a substantial <u>risk</u> of serious harm." *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419–20 (5th Cir. 2017) (emphasis added). The undersigned previously explained: "Plaintiff does not allege that other inmates in Cell 10E physically harmed him. That said, Plaintiff need only plead—and indeed has pled—that he was exposed to a substantial risk of serious harm." [doc. # 11, p. 7].

To the extent Defendants argue that Plaintiff fails to present any evidence of deliberate indifference, the argument is likewise meritless. The undersigned previously opined that Plaintiff "plausibly alleges that these defendants knew of and—by placing him in, or failing to remove him from, Cell 10E—disregarded a substantial risk of serious harm." [doc. # 11, p. 7].

Plaintiff alleged this in his initial pleading under penalty of perjury.[5] [doc. # 1, p. 5]. Moreover, Plaintiff can always testify under oath to what he alleges.[6]

Next, Defendants argue, "The mere fact that Plaintiff did not want to be placed in the disciplinary cell is not sufficient to establish that the Defendants were deliberately indifferent to any risk of harm." [doc. # 49-1]. Plaintiff, however, does not 'merely' claim that he did not want to be in a disciplinary cell; rather, he claims that defendants knowingly refused to remove him from a cell where he had several enemies, where it was not safe, and where he feared for his life due to severe danger.

---

[5] "Wherever . . . any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: . . . 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)'." 28 U.S.C. § 1746; see also FEDERAL RULE OF CIVIL PROCEDURE 56, ADVISORY COMMITTEE NOTE TO 2010 AMENDMENT ("A formal affidavit is no longer required. 28 U.S.C. § 1746 allows a written unsworn declaration, certificate, verification, or statement subscribed in proper form as true under penalty of perjury to substitute for an affidavit.").

[6] See *Patel v. Texas Tech Univ.*, 941 F.3d 743, 746 (5th Cir. 2019) (quotations omitted) ("New Rule 56(c), added in 2010, permits a party to support or dispute summary judgment through unsworn declarations, provided their contents can be presented in admissible form at trial. Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . ,the material may be presented in a form that would not, in itself, be admissible at trial."); *Lozano v. Davis*, 774 F. App'x 263, 264 (5th Cir. 2019) (reasoning that considering whether a plaintiff's unsworn assertions "could have been presented in an admissible form . . . is particularly relevant where a *pro se* plaintiff's allegations form his entire response in opposition to summary judgment."); *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017), *as revised* (July 5, 2017) ("The district court dismissed Captain Jamison's report solely because it was not sworn without considering Lee's argument that Captain Jamison would testify to those opinions at trial and without determining whether such opinions, as testified to at trial, would be admissible.").

Resolving any ambiguities and drawing all permissible inferences in Plaintiff's favor, genuine disputes of material fact remain.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment, [doc. # 49], be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 17th day of February, 2021.

Karen L. Hayes
United States Magistrate Judge